Shearing, J.,
with whom, Maupin, J., agrees, dissenting:
I would affirm the judgment of conviction.
I do not agree that it was error for the district court to admit into evidence the container of prescription and non-prescription drugs found in Sutton’s house during a search, even though these drugs were not part of charged crimes. The general rule is that evidence of other crimes or wrongs is not admissible to prove the character of a person in order to show that he committed the crimes charged. NRS 48.045(2). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of *1333 mistake or accident. I agree that these drugs were not appropriately introduced pursuant to NRS 48.035(3). The discovery of the drugs was not so closely related to the discovery of the other contraband that discovery of the latter could not be described without referring to the former. The contraband involved in the crimes with which Sutton was charged was found in the freezer and shed in Sutton’s backyard, while the drugs were found in his house.
However, there is another basis for the introduction of these. The defense in this case was that Sutton was a totally innocent man who was set up by the informant, a former friend. During the opening statement, defense counsel stated, “the reason you’re here is about an angry, unscrupulous man who acted on his revenge, and because of that revenge, he set up an honest and unsuspecting person.” Under NRS 48.045(2), evidence of other crimes is admissible to show absence of mistake. In the face of Sutton’s defense that the police informant planted all the drugs in the backyard and that Sutton was totally innocent, the evidence of similar contraband inside the house, to which the informant did not have access, was properly admitted to rebut the defense.